IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02853-KAS

NAHOM MULATE HABTE,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center,
GEORGE VALDEZ, in his official capacity as Director of ICE's Denver Field Office,
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

      Respondents.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's Application for Writ of Habeas Corpus [#1] (the "Petition").

In the Petition [#1], Petitioner argues that he has been unlawfully detained pursuant to 8 U.S.C. § 1225(b) and denied a bond hearing as a result; he argues that he may only be detained pursuant to 8 U.S.C. § 1226(a) and that he is therefore entitled to a bond hearing. This is substantively identical to an argument the Tenth Circuit recently ruled on in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); in that case, the Tenth Circuit agreed with the petitioner that he was entitled to a bond hearing. Moreover, Respondents have not formally opposed the Petition and acknowledge that as a result, "the Court may . . . decide to grant the Petition and award appropriate relief." *Response* [#8] at 2. The Court finds that under these circumstances, the Petition may be granted.

The Court further finds that Petitioner is entitled to immediate release. Respondents fail to address Petitioner's contention that Petitioner was not arrested pursuant to a warrant. "[I]ssuance of a warrant, as well as detention pursuant to it, is a condition that must be satisfied in order to justify discretionary detention under § 1226(a)[.]" *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D.

Colo. Sept. 16, 2025); *see also, e.g., Canedo-Luna v. Valdez*, No. 26-cv-02094-KAS, 2026 WL 1753563, at *4 (D. Colo. June 18, 2026) (citing *Garcia Cortes* and noting that Respondents have been made amply aware of "the importance of addressing the warrant issue"). The Court therefore finds that the proper remedy is to immediately release Petitioner. Accordingly,

IT IS HEREBY **ORDERED** that the Petition [#1] is **GRANTED**.

IT IS FURTHER **ORDERED** that Respondents release Petitioner within one day of the date of this Order under appropriate conditions of supervision.

IT IS FURTHER **ORDERED** that Respondents file a status report to certify compliance **within 7 days of the issuance of this Order**.

Dated: July 7, 2026